EXHIBIT "17"

| | |
|---|---|
| From: | Laurie Cohen <lcohen@wellingtonfl.gov> |
| Sent time: | 09/14/2017 10:03:16 PM |
| To: | Laura Manning <lmanning@srhl-law.com> |
| Subject: | Big Blue |
| Attachments: | order_msj-final_wellington_v._polo.pdf   ATT00001.htm |

Laura,

Please see attached final judgment in favor of Wellington.

Please be advised that Wellington is a public entity subject to Florida's broad public records law under Chapter 119, Florida Statutes. Most written communications, including email addresses, to or from Wellington employees and elected officials regarding city business are public records and are available to the public and the media upon request. Your email communications may therefore be subject to public disclosure. If you do not want your email address to be subject to disclosure as a public record, please do not send electronic mail to Wellington. Instead, contact the city by telephone at (561) 791-4000.

Filing # 61545462 E-Filed 09/14/2017 03:07:14 PM

IN THE CIRCUIT COURT OF THE FIFTEENTH
JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY FLORIDA

CASE NO.: 2014CA013530AO

THE VILLAGE OF WELLINGTON,
a Florida Municipality,

       Plaintiff,

vs.

PALM BEACH POLO, INC.,
a Florida Corporation,

       Defendant.
_____/

## ORDER ON PLAINTIFF'S, VILLAGE OF WELLINGTON, MOTION FOR SUMMARY JUDGMENT AND ORDER ON DEFENDANT'S, PALM BEACH POLO, INC., AMENDED MOTION FOR PARTIAL SUMMARY JUDGMENT

**THIS CAUSE** came before the Court for hearing on August 23, 2017, following Plaintiff's, Village of Wellington ("Wellington") Motion for Summary Judgment and Defendant's, Palm Beach Polo Inc. ("Polo") Amended Motion for Partial Summary Judgment. This Court, having reviewed the pleadings, considered the documentary evidence, reviewed relevant legal authorities, and being otherwise fully advised makes the following findings and conclusions:

### FACTUAL DETERMINATIONS AND BACKGROUND

This case concerns a 92.4-acre wetland preserve property that Polo owns in the Village of Wellington referred to as "Big Blue." Big Blue is regulated by the Village of Wellington pursuant to the Wellington PUD Master Plan and Wellington's Uniform Land Development Regulations (the "Code"). Specifically, Polo owns real property consisting of approximately 92-acres, 26 –acres of which are uplands and 57 acres of which are non-uplands (hereinafter, "Big

Blue"). Big Blue is within Palm Beach County, located in Section 15, Township 44 South, Range 41 East.

The instant case concerns *inter alia* Wellington's request for reinforcement of a 2004 judgment.[1] In the instant suit, Wellington alleges that Polo violated the 2004 judgment because Polo "indiscriminately" bulldozed approximately 4.5 acres of native and exotic understory vegetation at Big Blue. Wellington asserts that this act violates the 2004 judgment provision mandating Polo to preserve and enhance all of Big Blue. In the instant case, Wellington asserts that since 2008, Polo has failed to do so, speificially failing to comply with the 2004 judgment, and accordingly seeks relief.

Conversely, Polo filed a counterclaim alleging that Polo has been discharged of its obligation to comply with the 2004 judgment because of a South Florida Water Management District's June 17, 2011 permit adding Acme Improvement District as a co-permittee. The Court previously considered this issue and entered an Order on September 6, 2016, granting Wellington's Amended Motion for Summary Judgment. In that Order this Court, again, incorporated the 2004 judgment.

On May 8, 2017, following two days of evidentiary hearings, this Court entered another Order granting Wellington's motion for temporary injunction. In that Order the Court reiterated the applicability of the 2004 judgment and found that Polo violated same, necessitating injunctive relief. The Court also reiterated the parties' obligation to comply with the terms and conditions set forth in the 2004 judgment.

Now, via its Motion for Final Summary Judgment, Wellington presents the following issues before the Court:

> a. Whether this Court should continue enforcement of the 2004 judgment; and
>
> b. Whether this Court should issue a permanent injunction again reinforcing the 2004 judgment.

Now, via its Amended Motion for Partial Summary Judgment, Polo presents the following issues before the Court:

> a. Whether Polo violated the 2004 judgment by "cleaning" the exotics from a portion of Big Blue;[2]
>
> b. Whether the circumstances necessitating the 2004 judgment have changed mandating a modification of same;

---

[1] Palm Beach County case number 502001CA003914XXXXMBAH.

[2] Wellington refers to the clearing of the exotics as indiscriminately bulldozing; Polo refers to the same act as cleaning out the exotics.

      c. Whether Polo intentionally violated the 2004 judgment necessitating a finding of contempt; and

      d. Whether this Court has jurisdiction to consider Wellington's operative complaint and motion for summary judgment.

The Court finds that both Wellington and Polo are seeking the same relief to wit: the applicability of the 2004 judgment and the parties' rights and responsibilities thereto. Because the evidence is not disputed, and because many of the issues outlined by the parties have been addressed via other orders, the Court finds that summary judgment is appropriate since only issues of law remain.[3]

## LEGAL ANALYSIS AND RULING

There are no facts to support any change of circumstances necessitating modification of the 2004 judgment. Without a change in circumstances this Court sees no reason to modify the 2004 judgment. The Court incorporates its Order dated May 8, 2017, denying Village of Wellington's Motion for Rule to Show Cause Why Defendant Palm Beach Polo, Inc. Should Not Be Held in Contempt of Court and Granting Motion for Temporary Injunction herein. The undisputed facts support the entry of a permanent injunction.

Via its May 8, 2017 Order the Court previously addressed Polo's violation of the 2004 judgment when the Court found that Polo did not purposefully intend to violate the 2004 judgment and did not contumaciously disregard same.

The Court also finds that it has continuing jurisdiction to enforce Orders in this case and that it has continuing jurisdiction to enforce the 2004 judgment, which remains in full force and effect. The Court specifically mandates that the parties have a continuing obligation to adhere to and abide by the 2004 judgment.

Based on the foregoing, it is hereby

### ORDERED AND ADJUDGED

Wellington's Motion for Final Summary Judgment is **GRANTED**. Wellington's request for a permanent injunction is **GRANTED**. The Court does not require Wellington to post a bond. See *Provident Management Corp. v. City of Treasure Island*, 796 So.2d 481 (Fla. 2001).

Polo's Amended Motion for Partial Summary Judgment is **DENIED**.

The parties have a continuing obligation to comply with and abide by the judgment entered on June 25, 2004 in the Palm Beach County case number 502001CA003914XXXXMBAH, which is incorporated herein. Additionally, the parties have a continuing opbligation to comply with and abide by this Court's Order dated May 8, 2017, in the instant matter.

---

[3]    It appears that both parties agree that only issues of law remain.

Page 3 of 4

The Clerk is directed to close this matter.

**DONE AND ORDERED** in West Palm Beach, Palm Beach County, Florida, on this 14th day of September, 2017.



**Cymonie S. Rowe, Circuit Judge**

**COPIES TO:**

| | | |
|---|---|---|
| ALEXANDER L. DOMB | 11199 POLO CLUB RD STE 1 VILLAGE OF WELLINGTON, FL 33414 | alec@aldlaw.org heather@aldlaw.org criedi@lsrcf.com jdib@lsrcf.com alecdomb@gmail.com |
| CLAUDIO RIEDI | 1111 BRICKELL AVENUE SUITE 2200 MIAMI, FL 33131 | No E-mail Address Available |
| No Name Available | No Address Available | MICHELLE@ALDLAW.ORG |