UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-cv-80435-DIMITROULEAS/MATTHEWMAN

PALM BEACH POLO, INC., a
Florida corporation in good standing,

    Plaintiff,

v.

THE VILLAGE OF WELLINGTON,
a Municipal corporation,

    Defendant.
_____/

FILED BY ___KJZ___ D.C.

Sep 28, 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON DEFENDANT'S MOTION TO TAX COSTS [DE 84]**

**THIS CAUSE** is before the Court upon Defendant, Village of Wellington's ("Defendant") Motion to Tax Costs ("Motion") [DE 293]. This matter was referred to the undersigned by the Honorable William P. Dimitrouleas, United States District Judge. *See* DE 84. Plaintiff, Palm Beach Polo, Inc. ("Plaintiff"), has not filed a response to the Motion, and, according to the Motion, is not objecting to the relief sought at this time.[1]

For the reasons that follow, the undersigned **RECOMMENDS** that the District Judge

---

[1] Despite Plaintiff's lack of objection to the Motion, this Court still finds it necessary to evaluate the Motion on its merits. *See Savino v. Federated Law Grp., PLLC*, No. 18-60956-CIV, 2019 WL 2008901, at *1 (S.D. Fla. Mar. 28, 2019); *Zendejas v. Redman*, No. 15-81229-CV, 2018 WL 5808705, at *1 (S.D. Fla. Nov. 6, 2018); *Humphrey v. Napolitano*, No. 11-20651-CIV, 2012 WL 1416424, at *1 (S.D. Fla. Apr. 24, 2012); *McIntyre v. FLX of Miami, Inc.*, No. 08-20030-CIV, 2008 WL 5070249, at *1 (S.D. Fla. Nov. 25, 2008). This is because, "[a]bsent explicit statutory authorization, federal courts are limited to those costs specifically enumerated in 28 U.S.C. § 1920." *Morales v. M & M Painting & Cleaning Corp.*, No. 07-23089-CIV, 2008 WL 5070304, at *1 (S.D. Fla. Nov. 25, 2008) (citing *EEOC v. W & O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000)).

1

award Defendant costs in the amount of **$1,954.60** against Plaintiff.

## I. BACKGROUND

On May 14, 2021, the Court entered an Order on Motion for Summary Judgment, granting Defendant's Motion for Summary Judgment in full and denying any pending motions. [DE 82]. On the same date, the Court also entered a Final Judgment (in favor of Defendant) and Order Closing Case. [DE 83]. On June 11, 2021, Defendant filed the Motion to Tax Costs [DE 84]. On June 14, 2021, Plaintiff appealed to the United States Court of Appeals for the Eleventh Circuit. [DE 86]. That appeal remains pending.

Defendant is seeking costs pursuant to 28 U.S.C. § 1920, Federal Rule of Civil Procedure 56(d)(1), 42 U.S.C. § 1988, and Southern District of Florida Local Rule 7.3. Attached to Motion are the relevant invoices. Defendant requests a total of $3,134.65 in costs.

## II. LITIGATION EXPENSES AND COSTS

Defendant seeks the following costs: (1) $20 in fees for service of a subpoena; (2) $2,277.15 in fees for three deposition transcripts; and (3) $837.50 for fees associated with mediation. [DE 84 at 5].

A. Legal Standard

Federal Rule of Civil Procedure 54 states in part, "[u]nless a federal statute, these rules, or a court provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). For purposes of Rule 54(d)(1), a "prevailing party" is the party in whose favor judgment is rendered by the Court. *See Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop., Inc.*, 298 F.3d 1238, 1248 (11th Cir. 2002). Here, there is no doubt that Defendant is the prevailing party. Defendant's Motion for Summary Judgment was granted, and a Final

Judgment was entered in its favor.

Next, 20 U.S.C. § 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d). *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-442 (1987). Pursuant to § 1920, a judge or clerk of any court of the United States may tax costs regarding the following:

> (1) Fees of the Clerk and Marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Analysis

1. *Service of Process of Subpoenas*

Defendant seeks $20 in fees for service of a subpoena on Plaintiff's President, Glen Straub. [DE 84 at 4]. 28 U.S.C. § 1920(1) permits a prevailing party to collect fees "of the marshal," which includes fees for service of subpoenas. *See* 28 U.S.C. § 1921(a)(1)(B). Although § 1920(1) only refers to the "marshal," the Eleventh Circuit has held that "private process server fees may be taxed pursuant to §§ 1920(1) and 1921" as long as such fees do not exceed the rate charged by the U.S. Marshal. 28 U.S.C. § 1920(1); *E.E.O.C. v. W & O, Inc.,* 213 F.3d 600, 623–24 (11th Cir. 2000). The rate charged by the U.S. Marshal is $65.00 per hour for each item served. *See* 28 C.F.R. § 0.114(a)(3) (2019). Defendant has provided the invoice for service of the subpoena served in this case, which evidences that Defendant was charged less than the statutory rate. [DE 84, Ex. A].

Therefore, the undersigned **RECOMMENDS** that the District Judge only award $20 in costs for the service of the subpoena.

   2. *Deposition and Transcription Fees*

Defendant seeks to recover $2,277.15 in costs for the deposition transcripts of Jim Barnes, Paul Schofield, and Glen Straub. [DE 84 at 4]. Defendant has also provided the invoices from the court reporters. *See* DE 84, Ex. B.

The Eleventh Circuit has held that costs for deposition transcripts are generally taxable as long as the transcripts were "necessarily obtained for use in the case." *W&O, Inc.*, 213 F.3d at 620-21. In determining the necessity of a deposition, it must only appear to have been reasonably necessary at the time it was taken. *Id.* Additionally, "[b]ecause the parties presumably have equal knowledge of the basis for each deposition," the party who challenges the proposed costs "bears the burden of showing that specific deposition costs or a court reporter's fee was not necessary for use in the case or that the deposition was not related to an issue present in the case at the time of the deposition." *George v. Fla. Dep't of Corr.*, No. 07-80019-CIV, 2008 WL 2571348, at *5 (S.D. Fla. May 23, 2008). "In addition, many courts in this district have held that court reporter attendance fees are taxable as costs." *Sutton v. Royal Caribbean Cruise Line*, No. 16-24707-CIV, 2018 WL 4282843, at *3 (S.D. Fla. Sept. 7, 2018) (citing *Joseph v. Nichell's Caribbean Cuisine, Inc.*, 950 F. Supp. 2d 1254, 1258-59 (S.D. Fla. 2013)).

Here, all three depositions were utilized in Defendant's undisputed material facts section in support of its motion for summary judgment. [DE 60]. The Court finds that Defendant has established that the depositions clearly would have been necessary at the time they were taken. While the Court does generally find that Defendant is entitled to recover the court reporter

attendance fees and transcript costs, the Court finds that the invoices from the court reporters contain several fees that are not recoverable.

Courts have determined that "fees for expedited or condensed transcripts, compressed and miniscript versions, and CD ROMs with ASCII are not reimbursable under § 1920." *Muldowney v. MAC Acquisition, LLC*, No. 09-22489-CIV-HUCK, 2010 WL 3385388, at *4 (S.D. Fla. July 30, 2010) (quoting *Licausi v. Symantec Corp.*, No. 08-60544-CIV, 2009 WL 3177566, at *3 (S.D. Fla. Sept. 29, 2009)). "[C]osts incurred as a result of digital or condensed copies of transcripts, word indexes, or copies of exhibits are generally not recoverable unless the moving party demonstrates that these items were necessary and not merely ordered for the convenience of counsel." *Nelson v. N. Broward Med. Ctr.*, No. 12-61867-CIV, 2014 WL 2195157, at *3 (S.D. Fla. May 27, 2014). Section "1920(2) allows for the taxation of "fees for printed *or* electronically recorded transcripts." 28 U.S.C. § 1920(2) (emphasis added). "[T]he statute is written in the disjunctive and does not allow for the taxation of the printed *and* electronic version of the same transcript." *Feise v. N. Broward Hosp. Dist.*, No. 14-CV-61556, 2017 WL 3315144, at *3 (S.D. Fla. Aug. 3, 2017). "In addition, transcript shipping expenses are not recoverable." *Inspirations Nevada LLC v. Med Pro Billing, Inc.*, No. 20-CV-60268, 2021 WL 3053340, at *3 (S.D. Fla. July 20, 2021) (citing *Watson v. Lake Cnty.*, 492 F. App'x 991, 997 (11th Cir. 2012))

Defendant has not shown that copies of the exhibits, condensed transcripts, or digital transcripts were necessary. Furthermore, Defendant is not able to recover shipping costs. Therefore, after subtracting the fees that Defendant is not entitled to recover, the Court has calculated that Defendant is entitled to court reporter attendance and deposition transcript costs in the total amount of is $1,934.60 ($965.00 for Mr. Straub's deposition, $503.80 for Mr. Barnes'

deposition, and $465.80 for Mr. Schofield's deposition). The undersigned **RECOMMENDS** that the District Judge award Defendant $1,934.60 in deposition-related costs.

   3. *Mediation Costs*

Defendant is seeking $837.50 in mediation-related costs. *See* DE 84 at 5. However, mediation costs are not recoverable under section 1920. *See Moody v. Integon Nat'l Ins. Co.*, No. 18-23094-CIV, 2019 WL 4731983, at *6 (S.D. Fla. July 30, 2019), *report and recommendation adopted,* No. 18-23094-CIV, 2019 WL 7943750 (S.D. Fla. Oct. 7, 2019); *Abrams-Jackson v. McKeever*, No. 16-CV-81624, 2017 WL 8948962, at *3 (S.D. Fla. Dec. 18, 2017), *aff'd sub nom. Abrams-Jackson v. McKeever* (S.D. Fla. Jan. 11, 2018); *Tillman v. Advanced Pub. Safety, Inc.*, No. 15-CV-81782, 2018 WL 5768570, at *13 (S.D. Fla. Nov. 2, 2018), *report and recommendation adopted,* No. 15-81782-CIV, 2018 WL 6424899 (S.D. Fla. Nov. 21, 2018); *Barraza v. Pardo*, No. 12-23868-CIV, 2015 WL 11199845, at *2 (S.D. Fla. Sept. 28, 2015); *Rodriguez v. Demolition King, Inc.*, No. 14-20991-CIV, 2015 WL 3970570, at *3 (S.D. Fla. June 30, 2015); *Corwin v. Walt Disney Co.*, 468 F.3d 1329, 1346 (11th Cir. 2006), *opinion vacated and superseded on reconsideration on other grounds*, 475 F.3d 1239 (11th Cir. 2007); *GEICO Gen. Ins. Co. v. Berguiristain*, No. 5:15-CV-45-OC-30PRL, 2017 WL 444695, at *3 (M.D. Fla. Feb. 2, 2017). Furthermore, Defendant has provided no legal basis other than section 1920 to establish its entitlement to mediation fees. Therefore, the undersigned **RECOMMENDS** that the District Judge decline to award Defendant mediation fees in the amount of $837.50.

### III.    CONCLUSION

In light of the foregoing, this Court **RECOMMENDS** that the District Judge **GRANT IN PART AND DENY IN PART** Defendant's Motion to Tax Costs [DE 293] and further

**RECOMMENDS** that Defendant be awarded total costs in the amount of $1,954.60, as specified above. Plaintiff should be ordered to pay Defendant total costs in the amount of **$1,954.60,** and a judgment be entered against Plaintiff accordingly, for which let execution issue.

### IV. <u>NOTICE OF RIGHT TO OBJECT</u>

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge William P. Dimitrouleas. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 28th day of September 2021.

WILLIAM MATTHEWMAN
United States Magistrate Judge