UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-cv-80435-DIMITROULEAS/MATTHEWMAN

PALM BEACH POLO, INC., a
Florida corporation in good standing,

      Plaintiff,

v.

THE VILLAGE OF WELLINGTON,
a Municipal corporation,

      Defendant.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANT,
VILLAGE OF WELLINGTON'S VERIFIED MOTION
FOR ATTORNEYS' FEES [DE 89]**

THIS CAUSE is before the Court upon Defendant, Village of Wellington's ("Defendant") Verified Motion for Attorneys' Fees ("Motion") [DE 89]. The Honorable William P. Dimitrouleas, United States District Judge, referred the Motion to the undersigned United States Magistrate Judge. *See* DE 90. Plaintiff, Palm Beach Polo, Inc. ("Plaintiff"), has filed a Response [DE 93], and Defendant has filed a Reply [DE 96]. The matter is now ripe for review.

## I.    BACKGROUND

Plaintiff's First Amended Complaint alleged two causes of action against Defendant: violation of civil rights pursuant to 42 U.S.C. § 1983 (Count I) and trespass (Count II) [DE 21]. On May 13, 2021, the Court entered an Order on Motion for Summary Judgment, granting Defendant's Motion for Summary Judgment in full and denying any pending motions as moot. [DE 82]. The Court found that "Plaintiff's responses do not demonstrate any issues of material fact

1

or any legal argument that would preclude summary judgment. Plaintiff does not provide citations to specific facts in the record nor does it allege any specific fact which would preclude summary judgment." *Id.* at 9. The Court further stated that

> Not only does Plaintiff fail to comply with the form of statements of material fact required by the Local Rules, Plaintiff completely fails to substantively controvert any of Defendant's material facts. Plaintiff's utter failure to comply with the local rules, cursory statement that "Defendant's Statement of Undisputed Material Facts in Support of Summary Judgment leaves out a number of material facts which do establish disputed issues of material fact", and citation to entire documents do nothing to assist the Court and fail to substantively controvert Defendant's Statement of Undisputed Material Facts and arguments in favor of summary judgment.

*Id.* at 9-10. The Order explained that Plaintiff failed to respond to several of Defendant's arguments and found that Plaintiff waived a challenge to those arguments. *Id.* at 10-16.

On May 13, 2021, the Court also entered a Final Judgment (in favor of Defendant) and Order Closing Case. [DE 83]. On June 14, 2021, Plaintiff appealed to the United States Court of Appeals for the Eleventh Circuit. [DE 86]. That appeal remains pending.[1] On July 13, 2021, Defendant filed the Verified Motion for Attorneys' Fees [DE 89].

## II. ENTITLEMENT TO ATTORNEY'S FEES

### A. The Parties' Positions

Defendant argues that it is entitled to an award of attorney's fees because it is the prevailing party and because "Plaintiff's claims were frivolous, unreasonable, and without foundation as contemplated under *Christiansburg Garment Co. v. E.E.O.C*, 434 U.S. 412, 421 (1978). The undisputed evidence [ ] establishes that Polo filed suit and continued to litigate its purported federal

---

[1] The appeal is filed under Case No. 21-12054-CC in the United States Court of Appeals for the Eleventh Circuit. The Court notes that Plaintiff asserts in its Initial Brief in the Eleventh Circuit that it is not appealing Judge Dimitrouleas' summary judgment ruling as to Count II. [Case No. 21-12054-CC, Brief of the Appellant, p. 11, para. 23].

and state law claims as part of an unreasonable effort to subject the Village to ongoing litigation that was entirely lacking in evidence or legal merit." [DE 89 at 1]. With regard to the federal claims, Defendant contends that "the record -- including Polo's own litigation materials from prior lawsuits -- proved that Polo (i) sued the wrong party, (ii) had suffered a prior adverse adjudication on the same issues (while represented by the same attorneys), and (iii) never identified any evidence to support its claim." *Id.* at 2. According to Defendant, "Polo did not merely fail to establish a prima facie case. When faced with the Village's Motion for Summary Judgment, Polo failed to produce any evidence to support its claims and, instead, relied [ ] almost entirely on unsubstantiated assertions and legal conclusions." *Id.* at 5. Defendant additionally argues that it is asking the Court to "consider the total inadequacy of Polo's summary judgment response and the practical need for a remedy that reduces Polo's incentive to initiate additional litigation against the Village. As recognized in the Summary Judgment Order, this lawsuit represented an obvious effort by Polo to litigate matters that had already been adjudicated against it. A fee award is a reasonable deterrent against a third effort." *Id.* at 6.

In response, Plaintiff emphasizes that "[w]hen the prevailing party is the defendant in a civil rights case, the determination is based entirely on a finding that the plaintiff's actions were frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." [DE 93 at 3]. Plaintiff argues that the Order on Motion for Summary Judgment does not establish that Plaintiff's claim in Count 1 is "frivolous, unreasonable and without foundation"; rather, the Order does address the issue of a lack of evidence on Plaintiff's part, which issue is currently on appeal. *Id.* at 3-4. Plaintiff also contends that 42 U.S.C. § 1988(b) does not apply to Count II of Plaintiff's Amended Complaint. *Id.* at 4. Finally, it claims that it "was not aware that the civil

rights claim had no merit until the Court issued its Order on Motion for Summary Judgment [DE 82] on May14, 2021." *Id.* at 5.

In reply, Defendant again argues that Plaintiff "failed to present any evidence or non-conclusory arguments in opposition to the Village's Motion for Summary Judgment." [DE 96 at 2]. Defendant next points out that the same attorneys who represented Plaintiff in this matter also represented Plaintiff in the prior matters that "formed the basis of Polo's deficient claims." *Id.* at 3. Defendant asserts that this continued representation "confirms that Polo's counsel possessed actual knowledge of the deficiencies in Polo's claims prior to the filing this subsequent lawsuit" and "establishes that Polo's claims were frivolous, unreasonable, and without foundation when filed." *Id.*

## B. Applicable Law

Defendant seeks to shift its attorney fees to the Plaintiff pursuant to 42 U.S.C. § 1988. Subsection (b) of that statute permits "the court, in its discretion, [to] allow the prevailing party ... a reasonable attorney's fee." However, "when the prevailing party is the defendant, case law imposes a qualifier." *Stone v. Hendry,* No. 17-14177-CIV, 2020 WL 2771701, at *2 (S.D. Fla. May 26, 2020). Courts award attorney's fees under 42 U.S.C. §§ 1983, 1988 when they find that the plaintiff's claims were "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate" after it became clear that the claims had become so. *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 422, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978); *see also Whittier v. City of Sunrise*, No. 07-60476-CIV, 2009 WL 799432, at *1 (S.D. Fla. Mar. 24, 2009). "Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit." *Christiansburg Garment Co.*, 434 U.S. at 421-22. It is

important that fees not be awarded in such a way as to discourage "all but the most airtight claims." *Id.* The claims must be "so lacking in arguable merit as to be groundless or without foundation." *Sullivan v. Sch. Bd. of Pinellas County,* 773 F.2d 1182, 1189 (11th Cir.1985) (quotations omitted).

*Christiansburg* "requires a high degree of frivolousness, one that falls just short of subjective bad faith. It is not enough that the Plaintiff lost on the merits. Indeed, the case law cautions courts not to measure frivolousness with the benefit of hindsight on a post-hoc basis nor to assume that a case is frivolous merely because the plaintiff lost." *Stone*, 2020 WL 2771701, at *2. Moreover, "the record should be construed in the light most favorable to the non-prevailing plaintiff." *Id.* The *Christiansburg* standard is may be met if the plaintiff "wholly failed to substantiate [its] claims or persisted in a legal argument after learning of on-point and binding precedent that was clearly to the contrary. It is an objective inquiry. The plaintiff's subjective intent---that is, whether the plaintiff subjectively perceived her lawsuit to be frivolous---is irrelevant." *Id.* In other words, in order to meet the standard, a court need not find both at a plaintiff wholly failed to substantiate its claims <u>AND</u> that a plaintiff persisted in a legal argument after learning of binding precedent that was clearly to the contrary; rather, the court simply must simply make a finding that the plaintiff engaged in one of the two types of conduct.

### C. <u>The Court's Findings as to Defendant's Entitlement to Attorney's Fees</u>

Upon careful review of the entire docket in this case, the applicable statute, and the relevant case law and standard, the Court does find that Defendant is entitled to an award of attorney's fees as to Count I. First, Judge Dimitrouleas initially granted in part Defendant's Motion to Dismiss, finding that Count I failed to allege an official custom, policy or practice to establish respondeat

superior liability. [DE 18 at 4]. Thereafter, Plaintiff filed a First Amended Complaint [DE 21]. Defendant filed an Answer and Affirmative Defenses [DE 24], in which it specifically argued that Plaintiff's § 1983 claim was frivolous, unreasonable and without foundation. *Id.* at 14. Defendant later filed an Answer and Amended Defenses [DE 48], and again asserted that Plaintiff's § 1983 claims was frivolous, unreasonable and without foundation. *Id.* at 14.

Next, Judge Dimitrouleas' Order granting Defendant's Motion for Summary Judgment [DE 82] is instructive. The entirety of his comments about Plaintiff's failures in this case, several of which are quoted above, establish that Plaintiff's claims were frivolous, unreasonable or without foundation. For example, as noted by Judge Dimitrouleas at Footnote 6 of his Order, "[i]n response to Defendant's seventeen-page Motion for Summary Judgment and eighty paragraph Statement of Undisputed Material Facts, Plaintiff filed a two-page response and a seven-paragraph response to Defendant's Statement of Undisputed Material Facts." *Id.* at 8, n. 6. A review of Plaintiff's two-page response shows it to be cursory, deficient, and without foundation. Likewise, Plaintiff's seven-paragraph response to Defendant's Statement of Undisputed Material Facts was deficient and without foundation. Judge Dimitrouleas also found that "Plaintiff's responses do not demonstrate any issues of material fact or any legal argument that would preclude summary judgment" and that Plaintiff failed to "provide citations to specific facts in the record nor does it allege any specific fact which would preclude summary judgment." *Id.* at 9.

Moreover, Judge Dimitrouleas noted that Plaintiff wholly failed to comply with Local Rule 56.1. *Id.* Plaintiff failed to comply with the form of statements of material facts required by our local rules [DE 82 at 9, n. 7]. Plaintiff failed to provide citations to specific facts in the record. *Id.* at 9. Plaintiff utterly failed to support its position or provide any real foundation for its position,

rendering its position in this lawsuit groundless, without foundation, and frivolous. Plaintiff asserted a vague due process claim. *Id.* at 11. In this regard, Judge Dimitrouleas stated:

> Furthermore, Plaintiff does not respond to Defendant's arguments that Plaintiff fails to identify any fundamental right that could serve as a basis for a substantive due process claim, that the Village's conduct does not rise to the level of conscience-shocking in the constitutional sense, that Plaintiff was collaterally estopped from relitigating the issue of whether phosphorus-rich water was being pumped improperly into the Big Blue Preserve, nor that Polo sued the wrong party in Count II. Equally shocking, Plaintiff only addresses in the most cursory fashion, Defendant's arguments that the Village treated Polo and the POA the same in all material respects, that a rational basis supported any alleged difference in treatment, and that Polo had failed to present any evidence demonstrating that the water being pumped into the Big Blue Preserve had improper levels of phosphorus or had caused the growth of any exotic species.

*Id.* at 10.

The Court has construed the record in the light most favorable to Plaintiff. However, it is clear that Plaintiff wholly failed to substantiate its claims contained in Count I. In light of the various filings on the docket and in light of the fact that Plaintiff's counsel had expansive institutional knowledge of this case due to their prior involvement in related litigation, it is clear that Plaintiff's § 1983 claim was, in fact, frivolous, unreasonable, or groundless from the time it was filed until the time it was disposed of by Judge Dimitrouleas.[2] The Court finds it appropriate on this record to exercise its discretion under § 1988 to award attorney's fees to Defendant as the prevailing party on Count I.

### III.  CALCULATION OF THE ATTORNEY'S FEE AWARD TO DEFENDANT

A reasonable attorney's fee award is "properly calculated by multiplying the number of

---

[2] The Court is not making a finding that Plaintiff persisted in its claim in the face of applicable, binding precedent that was contrary to Plaintiff's position. The record before the Court does not establish this prong of the *Christianburg* standard.

hours reasonably expended on the litigation times a reasonable hourly rate." *Am. Civil Liberties Union v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1994)). This "lodestar" may then be adjusted for the results obtained by the attorney. *See Barnes*, 168 F.3d at 427 (citing *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)). "In determining what is a 'reasonable' hourly rate and what number of compensable hours is 'reasonable,' the court is to consider the 12 factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). These factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 1350 n. 2 (citation omitted).

The reasonable hourly rate is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Barnes*, 168 F.3d at 436 (quoting *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1999)). The fee applicant bears the burden of establishing the claimed market rate. *See Barnes*, 168 F.3d at 427. The Court may use its own experience in assessing the reasonableness of attorney's fees. *Norman*, 836 F.2d at 1299.

With regard to the type of evidence that the fee claimant should produce in support of a claim, in *Barnes*, the Eleventh Circuit has stated,

> The "fee applicant bears the burden of establishing entitlement and documenting

> the appropriate hours and hourly rates." *Norman*, 836 F.2d at 1303. That burden includes "supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate. Further, fee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity . . . . A well-prepared fee petition also would include a summary, grouping the time entries by the nature of the activity or stage of the case." *Id*. (citations omitted).

168 F.3d at 427.

In submitting a request for attorney's fees, fee applicants are required to exercise "billing judgment." *Barnes*, 168 F.3d at 428 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). If fee applicants do not exclude "excessive, redundant, or otherwise unnecessary" hours, which are hours "that would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation or experience of counsel*," the court must exercise billing judgment for them. *See Barnes*, 168 F.3d at 428 (quoting *Norman*, 836 F.2d at 1301 (emphasis in original)). The burden rests on the movant to submit a request for fees that will enable the court to determine how much time was reasonably expended. *Loranger*, 10 F.3d at 782.

### A. Counsel's Hourly Rate

According to the Motion, Defendant's attorneys, Jeffrey L. Hochman, Esq., and Hudson C. Gill, Esq., billed at the rate of $175 per hour for their services from the start of the case until October 1, 2020, when the rate changed to $180 per hour. [DE 89 at 6]. Defendant's attorney Selena A. Gibson billed at the rate of $150 per hour for her services. *Id.* Jeffrey L. Hochman is a named partner in the Johnson, Anselmo, Murdoch, Burke, Piper & Hochman, P.A., law firm ("the Firm") with 30 years of experience as a trial and appellate lawyer, who specializes in municipal litigation, including cases involving civil rights, constitutional claims, and land use conflicts. *Id.* at 7. Hudson C. Gill is a partner of the Firm with 16 years of experience as a trial and appellate

lawyer, who focuses on municipal litigation, including civil rights cases and land use disputes. *Id.* Selena A. Gibson is an associate of the Firm with four years of experience as a trial and appellate lawyer. *Id.* at 8.

The Court notes that the lack of an expert affidavit in support of the claimed rate is not fatal. After all, "the court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman*, 836 F.2d at 1303 (citations omitted).

Plaintiff has conceded that the billable rates for Mr. Hochman and Mr. Gill are reasonable, but it argues that Ms. Gibson should not be included in the time calculation at all. [DE 93 at 6]. Having considered information contained in Defendant's Motion and the *Johnson* factors, and based upon the undersigned's own knowledge and experience, the undersigned concludes the hourly rates sought by Defendant is reasonable. Therefore, the undersigned **FINDS** that counsel's hourly rates of $175, $180, and $150 are reasonable.

### B. Number of Hours Reasonably Expended

**(1) Whether the claims alleged against Defendant are inextricably intertwined**

The undersigned has already determined that Defendant is entitled to recover reasonable attorney's fees for legal work related to the §1983 cause of action—which was asserted as Count I in both the initial Complaint and First Amended Complaint. The Court must now address the number of hours reasonably expended by Defendant. Defendant contends it spent 689.1 hours in defense of the action. [DE 89 at 8].

"Where…'a party is entitled to an award of fees for only some of the claims involved in

the litigation, i.e., because a statute or contract authorizes fees for a particular claim but not others, the trial court must evaluate the relationship between the claims' to determine the scope of the fee award." *Durden v. Citicorp Tr. Bank, FSB*, 763 F. Supp. 2d 1299, 1306–07 (M.D. Fla. 2011) (quoting *Chodorow v. Moore,* 947 So.2d 577, 579 (Fla. 4th DCA 2007)). If "the claims involve a 'common core' of facts and are based on 'related legal theories,' a full fee may be awarded *unless it can be shown that the attorneys spent a separate and distinct amount of time on* counts *as to which no attorney's fees were sought* [*or were authorized*]." *Id.* (quotation and internal quotation marks omitted) (alteration in *Chodorow*); *see also United States v. Jones*, 125 F.3d 1418, 1430 (11th Cir. 1997).

"[W]here a particular claim is subject to a fee entitlement but one or more related claims are not, 'time spent marshaling the facts' of the related claims is compensable because it 'likely would have been spent defending any one or all of the counts.'" *Durden*, 763 F.Supp. 2d at 1306 (citing *Caplan v. 1616 E. Sunrise Motors, Inc.,* 522 So.2d 920, 922 (Fla. 3d DCA 1988)). "In contrast, time spent researching a 'discrete issue' as to a claim without a fee entitlement should not be included in a fee award." *Id.* at 1306-1307. When the facts and claims are closely related, courts are not required to parse counsel's time. *Brown Jordan Int'l, Inc. v. Carmicle*, No. 14-60629-CV, 2017 WL 5633312, at *4 (S.D. Fla. Aug. 7, 2017), *report and recommendation adopted,* No. 0:14-CV-60629, 2017 WL 5632811 (S.D. Fla. Aug. 22, 2017).

"The fee applicant (whether a plaintiff or a defendant) must, of course, submit appropriate documentation to meet 'the burden of establishing entitlement to an award.'" *Fox v. Vice*, 563 U.S. 826, 838 (2011) (citing *Hensley*, 461 U.S. at 437). "But trial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to

11

do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Id.*

In its Response, Plaintiff asserts that Defendant's fee invoices "do not differentiate between the number of hours expended on Count I issues, that may be statutorily compensable and the number of hours expended on Count II issues that are not compensable." [DE 93 at 6]. Plaintiff delineates the specific time entries it believes are specific to Count II and maintains that 90.1 hours are solely attributable to Count II. *Id.* at 6-9. Plaintiff suggests that, if the Court finds entitlement to fees, the Court should reduce the 689.1 hours claimed by the 90.1 hours solely attributable to time spent on the Count II state court action and then reduce the remaining 599 total hours by half "to remove the number of hours attributable to Count II, since it is not compensable under 42 U.S.C. § 1988 under any circumstances, and Defendant failed to properly differentiate the allotted time between

Count I and II." *Id.* at 10. Plaintiff claims that the total amount of fees taxable as costs in this matter should be $53,910.00. *Id.*

In its Reply, Defendant argues that its "federal claims arose from the same nucleus of facts as [its] state law claim. All claims related to the property known as the Big Blue Preserve." [DE 96 at 4]. Defendant further argues that "[t]he claims share the same nucleus of facts because they relate to the same parcel of property and were all framed as alleged unlawful conduct by the Village directed to Polo's allegedly lawful conduct on that same parcel of property. The Village's claim should not be reduced because its attorneys' fees are fairly attributable to its defense against Polo's interrelated claims and facts." *Id.* at 5. Defendant contends that, if the Court does find it appropriate to reduce the fee award, Plaintiff's "self-serving request for a 50-50 split is not appropriate" both

on procedural and substantive bases. *Id.*

It is clear to the undersigned, based on a review of the entire docket in this case, that the two claims alleged against Defendant in the initial Complaint and First Amended Complaint involve a common core of facts and are based on related legal theories. In considering the great majority of the time entries, which involve research, drafting, editing, reviewing documents, legal work related to the answer and affirmative defenses, interrogatories, and requests for production, deposing Glenn F. Straub, Paul Schofield and James Barnes, and preparing the Motion for Summary Judgment and pretrial stipulation, it is simply not feasible to parse out legal defense work allegedly unrelated to the § 1983 action. Defendant had to defend the entire case in order to defend against this cause of action. However, the Court does agree with Plaintiff that a smaller number of Defendant's billing entries clearly and explicitly only relate to Count II. Because Defendant employed block billing though, as discussed below, it is virtually impossible for the Court to determine the exact number of hours attributable solely to Count II.

**(2)   Other billing deficiencies**

The undersigned has carefully reviewed Defendant's billing entries and finds that they include a great deal of block billing. For example, on May 8, 2019, Defendant's counsel billed 3.80 hours for the following: "revise and edit arguments sections of Village's motion to dismiss; follow-up analysis of defects in state law claims and ambiguity as to assertion of intentional tort or negligence associated with water management activities; memo to file regarding follow-up legal research." [DE 89-1 at 2]. Block billing is impermissible because it prevents the Court from determining which portion of the fees billed on a particular date is recoverable and which is not. *See D'Agostino v. Keitel*, No. 18-CV-80460, 2019 WL 5209638, at *6 (S.D. Fla. Sept. 27,

2019); *Anish v. Nat'l Sec. Corp.*, No. 10-80330-CIV, 2014 WL 5034720, at *3 (S.D. Fla. July 3, 2014); *Hartford Acc. and Indent. Co. v. Crum & Forster Specialty Ins. Co.,* No. 10–24590–Civ, 2012 WL 5818138, at *4 (S.D. Fla. 2012).

Additionally, multiple timekeepers appeared to have performed duplicative or excessive work. For example, it appears that two timekeepers conducted the same legal research on May 8, 2019 [DE 89-1 at 2] and that two timekeepers reviewed the same discovery on August 29 and 30, 2019 [DE 89-1 at 7]. These billing entries are improper. "Excessive, redundant, or otherwise unnecessary hours should be excluded from the amount claimed." *Heron Dev. Corp. v. Vacation Tours, Inc.*, No. 16-20683-CIV, 2019 WL 4694147, at *4 (S.D. Fla. Aug. 27, 2019) (citing *Norman*, 836 F.2d at 1301).

### C. Calculation of Lodestar Amount

The Court has carefully considered the deficiencies in Defendant's billing records. The Court has also reviewed the entire docket in this case and is endeavoring to attain "rough justice", as required. *See Fox*, 563 U.S. at 838. "When a district court finds the number of hours claimed is unreasonably high, the court has two choices; it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins*, 548 F.3d at 1350 (citing *Loranger*, 10 F.3d at 783). Here, the undersigned finds that an across-the-board reduction is appropriate in this case. Defendant is seeking $122,719.00 in attorney's fees, and Plaintiff argues that Defendant is only entitled to $53,910.00 in attorney's fees. The undersigned **FINDS** that a 30% reduction from the amount sought by Defendant is appropriate and **FINDS** a total attorney's fee award of $85,903.30 to be appropriate under all the facts of this case. Therefore, the undersigned also **RECOMMENDS** that Defendant be awarded a total of

14

$85,903.30 in attorney's fees.

## IV.    CONCLUSION

The Court FINDS that the Plaintiff's claims in Count I were frivolous, unreasonable, or groundless, and that Plaintiff wholly failed to substantiate its claims in Count I. In light of the foregoing, the undersigned **RECOMMENDS** that the District Judge find that Defendant is entitled to attorney's fees as the prevailing party under section 1988 and award Defendant his attorney's fees in the amount of $85,903.30. The undersigned also recommends that the appropriate statutory interest be applied and that a judgment be entered accordingly.

### NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge William P. Dimitrouleas. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 13th day of October 2021.

WILLIAM MATTHEWMAN
United States Magistrate Judge