UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-80435-CIV-DIMITROULEAS/MATTHEWMAN

PALM BEACH POLO, INC.,

    Plaintiff,

v.

THE VILLAGE OF WELLINGTON,

    Defendant.
_____/

FILED BY ____SW____ D.C.

May 11, 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR ATTORNEYS' FEES [DE 106]

**THIS CAUSE** is before the Court upon Defendant The Village of Wellington's ("Defendant" or "Village") Motion for Attorneys' Fees ("Motion") [DE 106].[1] The Honorable William P. Dimitrouleas, United States District Judge, referred the Motion to the undersigned United States Magistrate Judge. *See* DE 107. Plaintiff Palm Beach Polo, Inc. ("Plaintiff" or "Polo") has filed a Response in Opposition [DE 105 at 56–62] and a Supplemental Response [DE 109], and Defendant has filed a Reply [DE 105 at 63–70] and a Supplemental Reply [DE 110] in response to Plaintiff's Supplemental Response. Thus, the matter is now ripe for review. For the reasons that follow, the undersigned Magistrate Judge **RECOMMENDS** that the District Judge **GRANT** Defendant's Motion [DE 106].

### I.     BACKGROUND

Plaintiff's First Amended Complaint alleged two causes of action against Defendant: violation of civil rights pursuant to 42 U.S.C. § 1983 (Count I) and trespass (Count II) [DE 21].

---

[1] The Motion is contained within DE 105. However, in the interests of clarity, the Clerk of Court re-docketed the Motion as DE 106.

Specifically, Plaintiff brought "claims against Defendant . . . under 42 U.S.C. § 1983 for violations of Polo's rights to equal protection and substantive due process and under state tort law for trespass." [DE 82 at 1].

On May 14, 2021, the Court entered an Order [DE 82], granting Defendant's Motion for Summary Judgment [DE 59] in its entirety. In other words, the Court (1) granted summary judgment as to Plaintiff's substantive due process claim under Count I of the Amended Complaint; (2) found that Plaintiff's equal protection claim under Count I of the Amended Complaint failed as a matter of law; and (3) found that Polo "failed to demonstrate that any genuine issue of material fact preclude[d] summary judgment in favor of the Village as to Count II." [DE 82 at 13–17]. The Court therefore entered a Final Judgment [DE 83] in favor of Defendant and against Plaintiff.

Plaintiff timely appealed thereafter. [DE 86]. Subsequently, on December 30, 2022, the United States Court of Appeals for the Eleventh Circuit issued a written *per curiam* opinion, affirming the Court's summary judgment order. *See* DE 104. The Eleventh Circuit then *sua sponte* transferred Defendant's Motion for [Appellate] Attorneys' Fees to this Court "for consideration of the matter of entitlement to and the reasonable amount of attorney's fees, if any, to be awarded." [DE 105 at 1].

After the Eleventh Circuit transferred Defendant's Motion to this Court for disposition, the Court issued the following Paperless Order:

> This matter is before the Court pursuant to the Order of Referral [DE 107] from United States District Judge William P. Dimitrouleas, which referred the Village of Wellington's ("Defendant") Motion for [Appellate] Attorneys' Fees ("Motion") [DE 105 at 2] to the undersigned United States Magistrate Judge. The Court notes that Palm Beach Polo, Inc. ("Plaintiff") has filed a Response [DE 105 at 56] to the Motion, and that Defendant has filed a Reply [DE 105 at 63]. However, upon review of the parties' papers, it is apparent that Plaintiff's Response solely addresses the timeliness of Defendant's Motion and does not address the substance. As to the timeliness issue, the Court has carefully reviewed the parties' papers as well as the Eleventh Circuit docket and this Court's docket in this case, and finds

>that Defendant's Motion is clearly timely. The Court needs no further briefing on the timeliness issue. However, since Plaintiff's Response solely addresses timeliness, the Court finds it appropriate to permit Plaintiff an opportunity to file a Supplemental Response to Defendant's Motion addressing issues other than timeliness. Accordingly, it is hereby ORDERED that Plaintiff shall have until March 2, 2023, to file a Supplemental Response to the Motion. If Plaintiff fails to file a timely Supplemental Response, the Court will then proceed to rule on Defendant's Motion based on the current record. If Plaintiff does file a timely Supplemental Response, Defendant shall be permitted to file a Supplemental Reply to Plaintiff's Supplemental Response on or before March 9, 2023.

[DE 108]. Accordingly, on March 2, 2023, Plaintiff filed a Supplemental Response, stating that based on this "Court's prior Order in DE 101 and DE 103, the Plaintiff does not oppose the amount of attorney's fees sought in the Motion . . . , in the dollar amount of Seventeen Thousand One Hundred Ninety Dollars and Ninety Cents ($17,190.90)."[2] [DE 109 at 1]. And, on March 9, 2023, Defendant filed a Supplemental Reply [DE 110], requesting that the Court enter a Judgment against Plaintiff, and that the Court, as part of any ensuing Judgment, "require the Plaintiff to complete under oath Florida Rule of Civil Procedure Form 1.977 . . . , including all required attachments, and serve it on the Village within 45 days." [DE 110 at 2]. Defendant asserted that "[r]equiring the Plaintiff to respond to a Fact Information Sheet will facilitate the Village's collection efforts on the amounts owed."[3] *Id.*

## II.   DISCUSSION

A. Entitlement

While entitlement is not disputed in this case, "[i]n any action or proceeding to enforce a provision of section[] . . . 1983, . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). This includes appellate attorneys' fees, which "are recoverable under Section 1988." *Gilroy v.*

---

[2] This appears to be a typo, as Defendant is only requesting $17,190.00.
[3] Plaintiff did not seek leave to file a sur-reply and has not objected to completion of Form 1.977.

*Baldwin*, No. 16-14521-CV, 2021 WL 6427476, at *2 (S.D. Fla. Dec. 15, 2021), *report and recommendation adopted*, No. 16-14521-CIV, 2022 WL 112221 (S.D. Fla. Jan. 12, 2022) (citing *Young v. New Process Steel, LP*, 419 F.3d 1201, 1204 (11th Cir. 2005)). "A prevailing party is one who prevails on any significant issue and thereby achieves some of the benefits sought by bringing suit." *Garrido v. Sec'y, Fla. Agency for Health Care Admin.*, 658 F. App'x 973, 977 (11th Cir. 2016) (alteration and internal quotation marks omitted) (quoting *Friends of the Everglades v. S. Fla. Water Mgmt. Dist.*, 678 F.3d 1199, 1201 (11th Cir. 2012)).

Here, the Court assumes the parties' familiarity with the Court's prior Orders. Specifically, on October 13, 2021, this Court already found Defendant entitled to an attorneys' fee award under section 1988 as the prevailing party on Count I. *Palm Beach Polo, Inc. v. Village of Wellington*, No. 19-cv-80435, 2021 WL 5024550, at *3 (S.D. Fla. Oct. 13, 2021), *report and recommendation adopted*, No. 19-80435-CIV, 2021 WL 5013748 (S.D. Fla. Oct. 28, 2021). Thus, because Defendant has now also prevailed on appeal, and because appellate attorneys' fees are recoverable under 42 U.S.C. § 1988(b) in connection with a claim brought under 42 U.S.C. § 1983, the Undersigned **RECOMMENDS** that the District Judge find Plaintiff entitled to appellate attorneys' fees.

B. Reasonable Attorneys' Fees Amount

Defendant requests $8,334.00 in connection with the 46.3 hours expended by attorney Jeffrey L. Hochman, Esq., representing an hourly rate of $180.00. [DE 105 at 21]. Likewise, Defendant also requests $8,856.00 in connection with the 49.2 hours expended by attorney Hudson C. Gill, Esq., representing an hourly rate of $180.00. [DE 105 at 36]. In support, Defendant has attached billing logs evidencing the claimed hours. [DE 105 at 21–50].

4

Here, the Court has already found that an hourly rate of $180.00 is reasonable for Mr. Hochman and Mr. Gill. *See Palm Beach Polo, Inc.*, 2021 WL 5024550, at *5. Further, Plaintiff does not oppose the number of hours billed, and the Court has independently examined them and finds them to be reasonable. Therefore, the Undersigned **RECOMMENDS** that Defendant be awarded a total of $17,190.00 in appellate attorneys' fees (representing 46.3 hours at an hourly rate of $180.00 for Mr. Hochman, and 49.2 hours at an hourly rate of $180.00 for Mr. Gill).

### III.    CONCLUSION

In light of the foregoing, the Undersigned **RECOMMENDS** that the District Judge enter an Order **GRANTING** Defendant's Motion [DE 106]. Specifically, the Undersigned **RECOMMENDS** that the District Judge find Defendant entitled to prevailing party attorneys' fees under 42 U.S.C. § 1988, award Defendant appellate attorneys' fees in the amount of $17,190.00, and enter a judgment against Plaintiff for such amount, applying the appropriate statutory interest. Further, the Undersigned **RECOMMENDS** that the District Judge require Plaintiff to complete Florida Rule of Civil Procedure Form 1.977 under oath and serve it on Defendant within 45 days from the entry of such Order.

### NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge William P. Dimitrouleas. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v.*

*Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

      **RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach County, Florida, this 11th day of May, 2023.

                                                WILLIAM MATTHEWMAN
                                                United States Magistrate Judge